**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

No. 04-7505

—————————

JOHNNY L. WARE,

Plaintiff - Appellant,

versus

T. WILLIAMS; J. L. PACE; M. E. JUSTICE; J. M.
HARMON; A. H. SKARDON; G. L. GILLARD;
GREENVILLE POLICE DEPARTMENT,

Defendants - Appellees.

—————————

Appeal from the United States District Court for the District of
South Carolina, at Beaufort.  C. Weston Houck, Senior District
Judge.  (CA-02-827)

—————————

Submitted:  January 27, 2005        Decided:  February 3, 2005

—————————

Before LUTTIG and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

—————————

Dismissed by unpublished per curiam opinion.

—————————

Johnny L. Ware, Appellant Pro Se.  Ronald Keith Wray, II, GALLIVAN,
WHITE & BOYD, P.A., Greenville, South Carolina, for Appellees.

—————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Johnny L. Ware seeks to appeal the district court's order granting summary judgment for defendants in a 42 U.S.C. § 1983 (2000) action. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's judgment was entered on the docket on March 1, 2004. The notice of appeal was filed on September 7, 2004.[*] Because Ware failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*]Because Ware was in prison at the time he filed his notice of appeal, we assume that the date appearing on the notice of appeal is the earliest date on which it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988).

- 2 -